UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**KENNETH SWARTZ**  PLAINTIFF

v.  CIVIL ACTION NO. 5:24-cv-17-BJB

**DIANA FRAIZER et al.**  DEFENDANTS

## MEMORANDUM OPINION

On preliminary review of *pro se* Plaintiff's *in forma pauperis* Complaint invoking this Court's diversity jurisdiction, the Court allowed Plaintiff an opportunity to amend his Complaint to clarify his domicile. DN 10, PageID #: 60. Plaintiff has filed an Amended Complaint (DN 11). The Court now considers whether the Amended Complaint satisfies Plaintiff's burden to show that this Court has subject-matter jurisdiction.

**I.**

Plaintiff, who had resided in Kentucky and is now incarcerated in federal prison in Danbury, Connecticut, sues six Kentucky citizens who allegedly trespassed and stole various items worth $91,100 from his land located in Kentucky. DN 1, PageID #: 1-2.

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted). Diversity jurisdiction exists under 28 U.S.C. § 1332 if the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000. In bringing suit, plaintiffs bear the burden of establishing that subject-matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

"The determination of a litigant's state citizenship for purposes of diversity jurisdiction is a matter of federal law[.]" *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citations omitted).  For purposes of diversity jurisdiction, a person's citizenship is his "domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (citations omitted).  As the Court explained in its prior Memorandum and Order, "there is a rebuttable presumption that a prisoner retains his former domicile after incarceration" rather than acquiring a new domicile when he is incarcerated in a different state. *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001) (citing *Stifel*, 477 F.2d at 1124). Rebutting this presumption requires more than "unsubstantiated declarations" regarding an intent to establish a new domicile. *Stifel*, 477 F.2d at 1126.

According to Plaintiff's Amended Complaint, "[b]ecause the Plaintiff no longer has his home or property in Kentucky, he no longer desires to return to Kentucky with the family and friends who have wronged him." DN 11, PageID #: 65.  But simply asserting that he doesn't want to return to Kentucky doesn't establish his domicile elsewhere for diversity purposes. *See, e.g.*, *Walling v. Wagner*, No. 3:14-cv-406, 2015 WL 400640, at *4 (S.D. Ohio Jan. 28, 2015) ("Here, while Plaintiff is currently incarcerated in Florida, he makes no allegation that Florida was his pre-incarceration domicile, that he considers Florida to be his current domicile, or that he intends to remain in Florida after he is released from prison.  Thus, Plaintiff's complaint lacks even 'unsubstantiated declarations' regarding his intent to be domiciled in Florida."); *McPartland v. Cumberworth*, No. 3:13–cv–1340, 2013 WL 5797842, at *3 (N.D. Ohio Oct. 28,

2013) (plaintiff maintained his pre-incarceration domicile because he made no allegation that he was or intended to be domiciled in the state where he was incarcerated); *Purdom v. Gettleman*, No. 08–cv–7–JMH, 2008 WL 695258, at *5 (E.D. Ky. Mar. 12, 2008) (incarcerated plaintiff failed to establish diversity of citizenship when his complaint contained only a "self-serving" statement that he intended to remain in Kentucky after his release from prison and no corroborating or supporting "independent information, such as ties to the state of Kentucky in the form of a business, employment, personal, or family connection"). Even construing the Amended Complaint liberally, as is required for *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hill v. Lapin*, 630 F.3d 468, 471 (6th Cir. 2010), Plaintiff has failed to satisfy his burden to demonstrate that this Court has subject-matter jurisdiction.

## II.

For these reasons, the Court will, by separate Order, dismiss this lawsuit for lack of jurisdiction under Rule 12(h)(3).

Date:


cc:     Plaintiff, *pro se*
        Defendant
B213.009